1  DARRYL D. YORKEY (SBN 280351)
   P.O. Box 9636
2  Berkeley, California 94709
   Telephone: (510) 221-6874
3  Fax: (888) 491-5926
   Email: dyorkey@gmail.com

4  ALAN A. BECK (SBN 276646)
   2962 Harcourt Drive
5  San Diego, California 92123
   Telephone: (619) 905-9105
6  Email: alan.alexander.beck@gmail.com

7  CATHERINE A. BEEKMAN (SBN 245605)
   915 Trancas Street, Suite B
8  Napa, California 94558
   Telephone: (707) 346-3060
9  Fax: (707) 561-6646
   Email: cate@beekmancortes.com

10
   Attorneys for Plaintiff Nick C. Buckhalter
11

12          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF CALIFORNIA
13

14  **NICK C. BUCKHALTER**,           )    Case No. 2:17-cv-02072
                                       )
15  Plaintiff,                         )    **FIRST AMENDED COMPLAINT FOR**
                                       )    **DAMAGES AND INJUNCTIVE RELIEF**
16  v.                                 )
                                       )
17                                     )    **1. EXCESSIVE FORCE – FOURTH AND**
    **CITY OF VACAVILLE**; **VACAVILLE**    )        **FOURTEENTH AMENDMENTS**
18  **POLICE DEPARTMENT**; **JOHN**         )    **2. FALSE IMPRISONMENT – FOURTH**
    **CARLI**, in his personal and official )        **AND FOURTEENTH AMENDMENTS**
19  capacities as Chief of Police of the Vacaville)  **3. RACIAL DISCRIMINATION**
    Police Department; **IAN SCHMUTZLER**,  )    **4. FAILURE TO PROTECT FROM HARM**
20  in his personal and official capacities as a )  **5. DELIBERATELY INDIFFERENT**
    peace officer of the Vacaville Police  )        **POLICIES, PRACTICES, CUSTOMS,**
21  Department; **DANIEL TORRES**, in       )        **TRAINING, AND SUPERVISION**
    his personal and official capacities as a )  **6. DISCRIMINATION BASED ON**
22  peace officer of the Vacaville Police  )        **DISABILITY**
    Department; **JOHN DOE**, in his personal )  **7. BATTERY**
23  and official capacities as a peace officer )  **8. ASSAULT**
    of the Vacaville Police Department;    )    **9. INTENTIONAL INFLICTION OF**
24  **UNKNOWN OFFICER #1**, in his personal )        **EMOTIONAL DISTRESS**
    and official capacities as a peace officer )  **10. NEGLIGENT INFLICTION OF**
25  of the Vacaville Police Department;    )        **EMOTIONAL DISTRESS**
    **UNKNOWN OFFICER #2**, in his personal )  **11. FALSE ARREST / FALSE**
26  and official capacities as a peace officer )  **IMPRISONMENT**
27  of the Vacaville Police Department;    )

-1-

**UNKNOWN OFFICER #3**, in his personal )
and official capacities as a peace officer )
of the Vacaville Police Department; )
**UNKNOWN OFFICER #4**, in his personal )
and official capacities as a peace officer )
of Vacaville Police )
Department and **DOES 1-50**, )
)
Defendants. )
_____ )

**12. NEGLIGENT TRAINING AND**
    **SUPERVISION**
**13. VIOLATION OF CALIFORNIA CIVIL**
    **CODE § 52.1**
**14. RATIFICATION**
**15. RESPONDEAT SUPERIOR**

**JURY TRIAL DEMANDED**

### FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Nick C. Buckhalter ("Plaintiff"), by and through his

undersigned counsel, and complains of the Defendants as follows:

### PARTIES

1.      Plaintiff Nick C. Buckhalter is a natural person and a citizen of the United States. He

was a resident of the State of California, residing in the City of Vacaville, County of Solano at the

time of the incident giving rise to this action.  He is the victim of the conduct complained about

below.

2.      Plaintiff was sixty (60) years old at the time of the incident described herein, and is

currently sixty-one (61) years old.

3.      In or about 2013, Plaintiff underwent a reversed total shoulder arthroplasty surgery on

his left shoulder. This surgery replaced his left shoulder joint with an artificial implant as a treatment

for a damaged rotator cuff and to reduce arthritic joint pain. On information and belief, reversed total

shoulder arthroplasty is a type of total shoulder replacement that is used for patients with more

significant rotator cuff injuries that cannot be repaired or where a previous shoulder replacement was

unsuccessful. In this type of extremely invasive surgery, the mechanics of the shoulder (the ball on

the upper arm bone and the socket in the shoulder) are reversed and replaced with artificial implants.

This type of surgery is generally reserved for patients with higher levels of damage to their shoulder.

4.      On information and belief, Defendant City of Vacaville is a city located in Solano

County in the State of California duly organized under the laws of the State of California. Defendant

1  City of Vacaville (the "City") is responsible for enacting and enforcing its customs, policies,

2  practices and laws.

3       5.     On information and belief, Defendant Vacaville Police Department ("VPD") is a

4  public entity in the State of California duly organized under the laws of the State of California, to

5  provide, among other things, law enforcement throughout the City of Vacaville.

6       6.     On information and belief, Defendant John Carli is a natural person and a citizen of

7  the United States and the State of California. Defendant John Carli, sued both in his personal and

8  official capacities, is the Chief of Police of the Vacaville Police Department and a peace officer

9  employed by Defendant VPD.

10       7.     On information and belief, Defendant Ian Schmutzler is a natural person and a citizen

11  of the United States and the State of California. Defendant Ian Schmutzler, sued both in his personal

12  and official capacities, is a Captain in the Vacaville Police Department and a peace officer employed

13  by Defendant VPD. On information and belief, Defendant Ian Schmutzler is a member of the

14  command staff of the Vacaville Police Department, the second highest ranking officer, and oversees

15  the Field Operations Bureau for the Vacaville Police Department.

16       8.     On information and belief, Defendant Daniel Torres is a natural person and a citizen

17  of the United States and the State of California. Defendant Torres, sued both in his personal and

18  official capacities, is a peace officer employed by Defendant VPD. His badge number is 639.

19       9.     On information and belief, Defendant John Doe is a natural person and a citizen of

20  the United States and the State of California. On information and belief, Defendant John Doe, sued

21  both in his personal and official capacities, is a peace officer employed by Defendant VPD.

22       10.     On information and belief, Unknown Officer #1 is a natural person and a citizen of

23  the United States and the State of California. On information and belief, Defendant Unknown

24  Officer #1, sued both in his personal and official capacities, is a peace officer employed by

25  Defendant VPD. His badge number is 638.

26       11.     On information and belief, Unknown Officer #2 is a natural person and a citizen of

27  the United States and the State of California. On information and belief, Defendant Unknown

1  Officer #2, sued both in his personal and official capacities, is a peace officer employed by

2  Defendant VPD. His badge number is 686.

3      12.    On information and belief, Unknown Officer #3 is a natural person and a citizen of

4  the United States and the State of California. On information and belief, Defendant Unknown

5  Officer #3, sued both in his personal and official capacities, is a peace officer employed by

6  Defendant VPD. His badge number is 409.

7      13.    On information and belief, Unknown Officer #4 is a natural person and a citizen of

8  the United States and the State of California. On information and belief, Defendant Unknown

9  Officer #4, sued both in his personal and official capacities, is a peace officer employed by

10  Defendant VPD. His badge number is 677.

11      14.    Defendants Does 1-50 are sued in both their personal and official capacities. On

12  information and belief, they are personnel employed by the City and VPD. Does 1-50 are

13  responsible for executing, maintaining and administering the customs complained about below and

14  may be participants in the unconstitutional acts and practices discussed within this complaint.

15      15.    Defendants Does 1-50, because of their improper actions are liable to Plaintiff for

16  damages and other relief as set forth in this Complaint.

17      16.    Plaintiff has reviewed all documents available and has made a diligent and good faith

18  effort to ascertain said persons' full names and identities.

19      17.    At all times mentioned, each Defendant was the agent and employee of each and

20  every other Defendant and in doing the things alleged was acting within the course and scope of

21  such agency and employment and with each and every other Defendant's actual and implied

22  permission, consent, authorization, and approval. Employees and members of the City and VPD

23  enforced the policies complained about below.

### JURISDICTION AND VENUE

25      18.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

26  1331, 1343, 1367, 2201, 2202 and 42 U.S.C. §§ 1981, 1983, and 1988.

27      19.    Venue lies in this Court pursuant to 28 U.S.C. § 1391.

FIRST AMENDED COMPLAINT FOR                    Case No. 2:17-cv-02072
DAMAGES AND INJUNCTIVE RELIEF

**JURY TRIAL DEMANDED**

20.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**STATEMENT OF FACTS**

21.     Plaintiff was a resident of the City Vacaville at the time of the complained about incident where he lived with his wife and where he was a homeowner.

22.     Plaintiff's wife is an active duty non-commissioned officer of the United States Air Force.

23.     Shortly before the complained about incident, Plaintiff's wife received orders to change duty stations, and, as a result, both Plaintiff and his wife began preparing to move from the Vacaville area.

24.     At approximately 4:30 p.m. on September 9, 2016, an auto transport truck arrived at Plaintiff's (former) residence in the City of Vacaville to load three (3) of his vehicles for transport to his new home.

25.     The driver of the truck asked Plaintiff to prepare his car for transport.

26.     Plaintiff started the engine in his vehicle. Because the car had been stored and had not been driven for a substantial period of time, the engine revved unexpectedly and the tires spun creating a squealing noise for no more than three seconds. Plaintiff then moved his vehicle a short distance and parked it in front of his other vehicle, a Lexus.

27.     As Plaintiff was walking back to his home after parking his vehicle, Defendant John Doe approached Plaintiff and identified himself as an off-duty police officer. Defendant John Doe told Plaintiff he should not be "burning rubber" because there were children in the area. Plaintiff apologized, replied that squealing his tires was unintentional, and that he was moving from the area within two and a half hours.

28.     Plaintiff then approached the vehicle transport operator, who proceeded to prepare Plaintiff's vehicles to load onto the truck. As Plaintiff was returning to his home, he saw a VPD vehicle pull up behind his Lexus.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

Case No. 2:17-cv-02072

1  29.  Defendant Daniel Torres exited the VPD vehicle, approached Defendant John Doe,

2 and spoke to him for a few minutes.

3  30.  After speaking with Defendant John Doe, Defendant Daniel Torres walked towards

4 Plaintiff's home.

5  31.  Plaintiff came out of his home to talk to Defendant Daniel Torres. Defendant Torres

6 told Plaintiff that he was being cited for "burning rubber."

7  32.  Defendant Daniel Torres then ordered Plaintiff to sit on the ground. Plaintiff

8 explained to Defendant Torres that he was 60 years old, and asked Defendant Torres if he could sit

9 on the hood of his car instead while Defendant Torres issued the citation. Defendant Torres insisted

10 that Plaintiff sit on the ground, and Plaintiff complied.

11  33.  Once Plaintiff sat on the curb, Defendant Torres approached Plaintiff from behind

12 and said he was going to handcuff Plaintiff. Plaintiff told Defendant Torres about his medical

13 condition, his previous shoulder surgery, that he was physically incapable of putting his hands

14 behind his back or raising his hands over his head, and that being handcuffed behind his back could

15 and would likely cause severe injury.

16  34.  Plaintiff's wife, who was approximately 50 feet away, repeatedly notified Defendant

17 Torres of Plaintiff's medical condition, his shoulder surgery, and that he might cause severe injury to

18 Plaintiff by handcuffing him behind his back.

19  35.  Defendant Torres then grabbed Plaintiff by the hands and forced his arms behind his

20 back. Exhibit 1.

21  36.  Due to Plaintiff's limited shoulder motion and his artificial implants, Plaintiff's left

22 arm jerked forward when Defendant Torres forced Plaintiff's arms behind his back. Exhibit 1.

23  37.  Plaintiffs shoulder was significantly injured.

24  38.  Defendant John Doe then ran up to Plaintiff, who was on the ground and not resisting,

25 and, using the entire weight of his body and his momentum from running, kneed Plaintiff in the torso.

26 Exhibit 1.

27  39.  Defendants Daniel Torres and John Doe then forced Plaintiff onto his stomach,

causing further damage to Plaintiff's left shoulder. Exhibit 1.

-6-

40.     Plaintiff was forced into a patrol vehicle where he spent over an hour in handcuffs, despite repeatedly complaining about the severe pain he was experiencing from his shoulder.

41.     Plaintiff was eventually taken to a hospital. At the hospital, medical staff asked Defendant Daniel Torres to remove Plaintiff's handcuffs for treatment. Defendant Torres refused to remove the handcuffs from Plaintiff and only allowed the attending physician to treat him for his shoulder injury while Plaintiff was handcuffed. As a result, the attending physician was unable to properly treat Plaintiff's damaged shoulder. Plaintiff remained in handcuffs at the hospital while he was under observation for dangerously high blood pressure.

42.     While awaiting being seen by the ER physician at North Bay Medical Center, Plaintiff was seated handcuffed with Defendant Daniel Torres standing by him in the custody section of the Emergency Department. Defendant Torres's supervising captain, Captain Ian Schmutzler, arrived at the hospital and spoke to other persons at the department counter.

43.     On information and belief, Defendant Ian Schmutzler is a Captain in the Vacaville Police Department who oversees the Field Operations Bureau for the department. Defendant Schmutzler is the second highest ranking officer in the department and has been delegated final authority by the City of Vacaville to establish customs, policies and practices regarding arrest, treatment of pretrial detainees and all other policies relevant to Mr. Buckhalter's treatment.

44.     While at the hospital, Defendant Ian Schmutzler had a discussion with Defendant Daniel Torres regarding his arrest, handcuffing, and subsequent treatment of Plaintiff Nick Buckhalter. Defendant Schmutzler patted Defendant Torres twice on the back, telling him, "Good job. Good job. You're going to go far in this department." Plaintiff Buckhalter, who was in close proximity, overheard the conversation between Defendant Schmutzler and Defendant Torres.

45.     In the presence of Defendant Ian Schmutzler, medical staff asked Defendant Daniel Torres to remove Plaintiff's handcuffs so they could place his arm in a sling. Defendant Torres refused, and said Plaintiff could take the sling with him to the jail. Plaintiff was released to the custody of Defendant Torres once his blood pressure had lowered, although it remained higher than normal.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

Case No. 2:17-cv-02072

46.     After Plaintiff was discharged from the hospital, Defendant Torres did not take Plaintiff to the jail. Instead, Defendant Torres detained Plaintiff in the back of his VPD cruiser, still handcuffed with his arms behind him, for over two hours unnecessarily while Defendant Torres responded to other incidents, transported other arrestees, talked to other peace officers, and made numerous personal phone calls. During this time Plaintiff told Defendant Torres his shoulder was in pain, and asked Defendant Torres to loosen his handcuffs. Defendant Torres replied, simply, "no." Plaintiff was handcuffed in the back of Defendant Torres' cruiser for over two hours before he was finally released to the Solano County Jail.

47.     As a direct result of Plaintiff's unlawful arrest and detainment, he has suffered permanent damage in his arm and shoulder.

48.     As a direct result of Plaintiff's unlawful arrest and detainment, Plaintiff has suffered nerve damage in his hands and has diminished use of a number of his fingers and near total loss of use of more than one finger.

49.     As a direct result of Plaintiff's unlawful arrest and detainment, Plaintiff suffers from constant pain in his shoulder.

50.     As a direct result of Plaintiff's unlawful arrest and detainment, Plaintiff suffered bruising and scraping to his arms and legs. Exhibit 2.

51.     As a direct result of Plaintiff's unlawful arrest and detainment, Plaintiff suffers from excessive stress, anxiety, and depression.

52.     Plaintiff has complied with Cal. Gov't Code §§ 900-935.9 by filing a claim against the City of Vacaville, attached hereto as Exhibit 3, and receiving a denial of that claim, attached hereto as Exhibit 4.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments (Against Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50)**

53.     Plaintiff repeats and re-pleads Paragraphs 1 through 53, inclusive, and incorporates the same herein by reference.

54.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

55.    Plaintiff is a citizen of the United States and all of the individual peace officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

56.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as peace officers employed by the City and VPD and their acts or omissions were conducted within the scope of their official duties or employment.

57.    At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

58.    Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

59.    Any reasonable peace officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

60.    Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated Plaintiff's Fourth Amendment rights.

61.    Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Buckhalter's federally protected rights. The force used by Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 shocks the conscience and violated Plaintiff's Fourteenth Amendment rights.

62.    Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 unlawfully seized Mr. Buckhalter by means of objectively unreasonable, excessive, and conscious shocking physical force, thereby unreasonably restraining Mr. Buckhalter of his freedom.

-9-

63.     None of the Defendant peace officers present during Mr. Buckhalter's arrest took reasonable steps to protect him from the objectively unreasonable and conscience shocking excessive force of Defendant peace officers or from the excessive force of other unknown officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

64.     All individual Defendants to this claim engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Buckhalter's federally protected constitutional rights.

65.     All individual Defendants to this claim did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

66.     The acts or omissions of all individual Defendants to this claim were moving forces behind Plaintiff's injuries.

67.     The acts or omissions of all individual Defendants to this claim as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

68.     Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 are not entitled to qualified immunity for the complained of conduct.

69.     Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

70.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendant's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

///

///

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

Case No. 2:17-cv-02072

71.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained shoulder and nerve injury, in amounts to be ascertained in trial.

72.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

73.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – False Imprisonment in Violation of the

### Fourth and Fourteenth Amendments

### (Against Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50)

74.     Plaintiff repeats and re-pleads Paragraphs 1 through 73, inclusive, and incorporates the same herein by reference.

75.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

76.     Plaintiff is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

77.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as peace officers employed by the City and VPD and their acts or omissions were conducted within the scope of their official duties or employment.

78.     At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure occurring in the absence of probable cause to believe Plaintiff had committed a crime.

-11-

79.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from unlawful seizure by law enforcement.

80.     Any reasonable peace officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

81.     Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated Plaintiff's Fourth Amendment rights.

82.     Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Buckhalter's federally protected rights. The unlawful arrest by Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 shocks the conscience and violated Plaintiff's Fourteenth Amendment rights.

83.     Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 unlawfully seized Mr. Buckhalter in the absence of probable cause to believe Mr. Buckhalter had committed any crime, thereby unreasonably restraining Mr. Buckhalter's freedom.

84.     Defendants arrested Mr. Buckhalter for a violation of California Vehicle Code section 23109, subsection (a), "speed contest," which makes it a crime to race a motor vehicle against another vehicle, a clock, or other timing device. There is no evidence Mr. Buckhalter engaged in any kind of speed contest, nor could any reasonable interpretation of the evidence available to Defendants lead to such a conclusion.

85.     Subsection (c) of Vehicle Code section 23109 prohibits "exhibition of speed," which may be the violation for which Defendant Torres meant to arrest Mr. Buckhalter, since Mr. Buckhalter's tires screeched for couple of seconds. That section, however, only prohibits screeching tires when it is done willfully and with the intent to "show off or make an impression on someone else." Judicial Council of California Criminal Jury Instructions (2017 edition), CALCRIM No. 2202. While it may be a violation where a person accelerates a vehicle in such a manner that causes a skid or that that diminishes his control, "not all cases of tire 'peeling' or 'screeching' … constitute a violation of [CVC Sec. 23109]. *People v. Grier*, (1964) 226 Cal.App.2d 360. No interpretation of the

-12-

1  facts alleged herein support an objective belief that Mr. Buckhalter accelerated at an unsafe speed in

2  order to impress or make an impression on any person.

3        86.    Defendant Torres also arrested Mr. Buckhalter for violating California Penal Code

4  section 148, subsection (a)(1), resisting, obstructing, or a delaying a peace officer in the lawful

5  performance of his or her duties. But Mr. Buckhalter did not resist Defendant Torres in the lawful

6  performance of his duties: he merely attempted to avoid Defendant Torres's application of excessive

7  force by telling Defendant Torres about his shoulder injury. Moreover, because Defendant Torres

8  did not have probable cause to arrest Mr. Buckhalter for any crime related to the screeching of his

9  tires, his handcuffing of Mr. Buckhalter was illegal, and Mr. Buckhalter therefore could have

10  resisted that unlawful arrest without violating section 148.

11        87.    None of the Defendant peace officers present during Mr. Buckhalter's arrest took

12  reasonable steps to protect him from the objectively unreasonable arrest or from the seizure by other

13  unknown officers despite being in a position to do so. They are each therefore liable for the injuries

14  and damages resulting from the objectively unreasonable arrest of each other officer.

15        88.    All individual Defendants to this claim engaged in the conduct described by this

16  Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Buckhalter's

17  federally protected constitutional rights.

18        89.    By reason of these wrongful acts, Mr. Buckhalter was deprived of liberty, subjected

19  to great fear, indignity, humiliation, pain and suffering, emotional distress, held up to scorn and

20  ridicule, injured in character and reputation, and otherwise injured now and in the future.

21        90.    The acts or omissions of all individual Defendants to this claim were moving forces

22  behind Plaintiff's injuries.

23        91.    The acts or omissions of all individual Defendants to this claim as described herein

24  intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

25        92.    Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 are

26  not entitled to qualified immunity for the complained of conduct.

27  ///

28  ///

-13-

93.     Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

94.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

95.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**THIRD CAUSE OF ACTION**

**42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981**

**(Against Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50)**

96.     Plaintiff repeats and re-pleads Paragraphs 1 through 95, inclusive, and incorporates the same herein by reference.

97.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

98.     Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

99.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Vacaville police officers and employees of the City and their acts or omissions were conducted within the scope of their official duties or employment.

///

///

-14-

100.   At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

101.   Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

102.   Plaintiff, an African American man, is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially motivated beatings, arrests, and searches.

103.   Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

104.   Plaintiff's race was a motivating factor in the decisions to use excessive force. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and §1981.

105.   Defendants to this claim engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Buckhalter's federally protected rights.

106.   The acts or omissions of all individual Defendants to this claim were moving forces behind Plaintiff's injuries.

107.   These individual Defendants to this claim acted in concert and joint action with each other.

108.   The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

-15-

109.    Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 are not entitled to qualified immunity for the complained of conduct.

110.    The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

111.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses, and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

112.    On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained shoulder and nerve injury, in amounts to be ascertained in trial.

113.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

114.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

**FOURTH CAUSE OF ACTION**

**Violation of 42 U.S.C. § 1983 – Failure to Protect Plaintiff from Harm in Violation of the**

**Fourth and Fourteenth Amendments and in Violation of 42 U.S.C. § 1981**

**(Against Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50)**

115.    Plaintiff repeats and re-pleads Paragraphs 1 through 114, inclusive, and incorporates the same herein by reference.

116.    42 U.S.C. § 1983 provides that:

-16-

1

> Every person, who under color of any statute, ordinance,
> regulation, custom or usage of any state or territory or the District
> of Columbia subjects or causes to be subjected any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges or immunities secured by the
> constitution and law shall be liable to the party injured in an action
> at law, suit in equity, or other appropriate proceeding for redress…

2

3

4

5  117.   Plaintiff in this action is a citizen of the United States and Defendants to this claim

6  are persons for purposes of 42 U.S.C. § 1983.

7  118.   The Defendants to this claim at all times relevant hereto were acting under the color

8  of state law.

9  119.   At the time of the complained of conduct, Plaintiff, a detainee in police custody, had

10  the clearly established right under the Fourteenth Amendment to be protected from

11  harm. *See Castro v.  County* of Los Angeles, 833 F.3d 1060, 1071 (9th Cir.  2016) (en banc).

12  120.   Mr. Buckhalter put Defendants, and each of them, on notice that he had a preexisting

13  shoulder injury prior to Defendants handcuffing him or while he was handcuffed.

14  121.   Defendants to this claim showed a deliberate indifference to his shoulder injury and

15  continued to force his arm behind his back.

16  122.   This act put Mr. Buckhalter at a substantial risk of harm and did cause injury to his

17  shoulder.

18  123.   This could have easily been mitigated by Defendants, and each of them, by

19  handcuffing Mr. Buckhalter from the front or by using two sets of handcuffs.

20  124.   Defendants to this claim further failed to protect Mr. Buckhalter from harm when

21  they kept him detained in the police cruiser for over an hour before finally taking him to the hospital

22  and then, once at the hospital, refusing to remove Mr. Buckhalter's handcuffs so the doctor could

23  properly treat his injuries, and refusing to allow Mr. Buckhalter's arm to be placed in a sling. Once

24  Mr. Buckhalter's blood pressure lowered enough to permit his release from the hospital, Defendants

25  failed to protect Mr. Buckhalter from further harm by continuing to drive him around town for hours,

26  unnecessarily, with his arms handcuffed behind his back the entire time, despite Mr. Buckhalter's

27  complaints of pain and his high blood pressure.

-17-

125.     All of these acts put Mr. Buckhalter in substantial risk of harm by aggravating the damage already done to his shoulder when Defendants Torres and John Doe forced his arms behind his back and forcefully took him to the ground.

126.     Defendants to this claim could have easily mitigated the damage by taking Mr. Buckhalter to the hospital when they were put on notice of the injury they caused, by uncuffing him once at the hospital, and by transporting him promptly to the jail instead of driving him around for hours unnecessarily.

127.     Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

128.     The acts or omissions of these Defendants, as described herein, deprived Mr. Buckhalter of his constitutional and statutory rights and caused him other damages.

129.     The acts or omissions of Defendants to this claim as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

130.     Defendants are not entitled to qualified immunity for the complained of conduct.

131.     Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 were, at all times relevant, police officers employed by the City of Vacaville and the Vacaville Police Department.

132.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

133.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained shoulder and nerve injury, in amounts to be ascertained in trial.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

Case No. 2:17-cv-02072

134.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

135.    Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above-described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein.

**FIFTH CAUSE OF ACTION**

**Violation of 42 U.S.C. § 1983 - Deliberately Indifferent Policies, Practices,**

**Customs, Training, and Supervision in Violation of the Fourth and**

**Fourteenth Amendments and in Violation of 42 U.S.C. § 1981**

**(Against City of Vacaville, Vacaville Police Department, John Carli, and Ian Schmutzler)**

136.    Plaintiff repeats and re-pleads Paragraphs 1 through 135, inclusive, and incorporates the same herein by reference.

137.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

138.    Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

139.    The Defendants to this claim at all times relevant hereto were acting under the color of state law.

140.    Plaintiff had the following clearly established rights at the time of the complained of conduct:

a.    the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

-19-

b.    the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

c.    the right to basic medical needs while in detention and under arrest; and

d.    the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

141.    Defendants Carli, Schmutzler, City, and VPD knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

142.    The acts or omissions of these Defendants, as described herein, deprived Mr. Buckhalter of his constitutional and statutory rights and caused him other damages.

143.    The acts or omissions of Defendants as described herein intentionally deprived Mr. Buckhalter of his constitutional and statutory rights and caused him other damages.

144.    Defendants are not entitled to qualified immunity for the complained of conduct.

145.    Defendants Carli, Schmutzler, City, and VPD were, at all times relevant, policymakers for the City of Vacaville and the Vacaville Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

146.    These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Buckhalter's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

147.    Defendants Carli, Schmutzler, City, and VPD have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

148.    In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in

1  the violation of constitutional and federal rights such as those described herein that the failure to

2  provide such specialized training and supervision is deliberately indifferent to those rights.

3       149.    The deliberately indifferent training and supervision provided by Defendants Carli,

4  Schmutzler, City, and VPD resulted from a conscious or deliberate choice to follow a course of

5  action from among various alternatives available and were moving forces in the constitutional and

6  federal violation injuries complained of by Plaintiff.

7       150.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual

8  physical and emotional injuries, and other damages and losses as described herein entitling him to

9  compensatory and special damages, in amounts to be determined at trial. As a further result of the

10  Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related

11  expenses and may continue to incur further medically or other special damages related expenses, in

12  amounts to be established at trial.

13       151.    On information and belief, Plaintiff may suffer lost future earnings and impaired

14  earnings capacities from the not yet fully ascertained shoulder and nerve injury, in amounts to be

15  ascertained in trial.

16       152.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988,

17  pre-judgment interest and costs as allowable by federal law. There may also be special damages for

18  lien interests.

19       153.    Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42

20  U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies,

21  practices, habits, customs, usages, training and supervision with respect to the rights described

22  herein.

23                           **SIXTH CAUSE OF ACTION**

24           **Violation of 42. U.S.C. § 12132 - Discrimination based on Disability**

25                         **(Against All Defendants)**

26       154.    Plaintiff repeats and re-pleads Paragraphs 1 through 153, inclusive, and incorporates

27  the same herein by reference.

28       155.    42 U.S.C. § 12132 provides,

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

156. As against Defendants City of Vacaville, Vacaville Police Department, John Carli, Ian Schmutzler, and/or Does 1-50 in their capacity as official policy-maker(s) for the City of Vacaville, Plaintiff further alleges that said Defendants failed to train, supervise, and or discipline Defendants Torres, John Doe, Unknown Officers 1-4, and Does 1-50 in recognizing symptoms of disability under Title II of the Americans with Disabilities Act, preventing exclusion of qualified individuals such as Plaintiff from participation in or denial of benefits of services provided by Defendants City of Vacaville and Vacaville Police Department, or in otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the false arrest and denial of adequate emergency medical care to Plaintiff during the course of the subject incident and his resulting arrest, detainment, and injuries.

157. At the time Defendant Officers Torres, John Doe, and Does 1-50 made physical contact with Plaintiff they knew and/or had reason to know he had a shoulder injury that limited his range of motion and caused him significant pain, yet decided to unlawfully arrest Plaintiff without probable cause. The aforementioned conduct of Defendant Officers Torres, John Doe, and Does 1-50, excluded Plaintiff from participation in, denied Plaintiff the benefits of Defendant City of Vacaville and Vacaville Police Department's programs and activities, and/or discriminated against Plaintiff.

158. The exclusion, denial of benefits, and/or discrimination against Plaintiff was by reason of his recognized disability.

## SEVENTH CAUSE OF ACTION

### Battery

### (Against Torres, John Doe, Unknown Officers 1-4, and Does 1-50)

159. Plaintiff repeats and re-pleads Paragraphs 1 through 158, inclusive, and incorporates the same herein by reference.

-22-

1    160.    On September 9, 2016, Defendants willfully, intentionally, and unlawfully engaged in

2  harmful and/or offensive contact with Plaintiff's person as alleged more fully above.

3    161.    By engaging in the conduct herein above alleged, Defendants Torres, John Doe,

4  Unknown Officers 1-4, and Does 1-50 intended to cause physical harm or offensive touching to

5  Plaintiff.

6    162.    As a direct and proximate result of the battery described above, Plaintiff was

7  physically harmed and/or experienced offensive contact with his person.

8    163.    At no time did Plaintiff consent to any of the acts of Defendants herein above alleged.

9    164.    As a direct and proximate result of the battery described above, Plaintiff suffered

10  injuries to his shoulder, arms, hands, fingers, as well as the nerves associated with these appendages,

11  resulting in damages for medical expenses in an amount subject to proof.

12    165.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

13  physical injury, humiliation, embarrassment, and both mental and emotional distress and anxiety that

14  are substantial and enduring, all in an amount according to proof at trial.

15    166.    The foregoing conduct of Defendants Torres, John Doe, and Does 1-50 was in

16  conscious disregard of Plaintiff's civil rights, intentional, in reckless disregard of the probability of

17  causing injury and emotional distress, willful, and malicious. Consequently, Plaintiff is entitled to

18  exemplary damages in an amount to be determined at trial.

19  **EIGHTH CAUSE OF ACTION**

20  **Assault**

21  **(Against Torres, John Doe, Unknown Officers 1-4, and Does 1-50)**

22    167.    Plaintiff repeats and re-pleads Paragraphs 1 through 166, inclusive, and incorporates

23  the same herein by reference.

24    168.    By engaging in the conduct herein above alleged, Defendants Torres, John Doe,

25  Unknown Officers 1-4, and Does 1-50 willfully, intentionally, and unlawfully engaged in conduct to

26  create a reasonable apprehension in Plaintiff of immediate harmful or offensive contact.

27    169.    At no time did Plaintiff consent to any of the acts of Defendants herein above alleged.

-23-

170.     Defendant's intentional acts were the direct causation of general damages related to the shock and emotional distress of being forced to the ground, handcuffed while Defendants had been notified of Plaintiff's medical condition, being piled on, and while being held down, kneed in the upper torso and shoulder.

171.     As a direct and proximate result of the assault described above, Plaintiff suffered injuries to his shoulder, arms, hands, fingers, as well as the nerves associated with these appendages, resulting in damages for medical expenses in amount subject to proof.

172.     The foregoing conduct of Defendants Torres, John Doe, Unknown Officers 1-4, and Does 1-50 was in conscious disregard of Plaintiff's civil rights, intentional, in reckless disregard of the probability of causing injury and emotional distress, willful, and malicious. Consequently, Plaintiff is entitled to exemplary damages in an amount to be determined at trial.

**<u>NINTH CAUSE OF ACTION</u>**

**Intentional Infliction of Emotional Distress**

**(Against Torres, John Doe, Unknown Officers 1-4, and Does 1-50)**

173.     Plaintiff repeats and re-pleads Paragraphs 1 through 172, inclusive, and incorporates the same herein by reference.

174.     By engaging in the conduct herein above alleged, Defendants Torres, John Doe, Unknown Officers 1-4, and Does 1-50 engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress to Plaintiff.

175.     As a direct and proximate result of the conduct herein above alleged, Plaintiff suffered severe or extreme emotional distress, entitling him to damages in an amount to be proven at trial.

176.     The foregoing conduct of Defendants Torres, John Doe, Unknown Officers 1-4, and Does 1-50 was in conscious disregard of Plaintiff's civil rights, intentional, in reckless disregard of the probability of causing injury and emotional distress, willful, and malicious. Consequently, Plaintiff is entitled to exemplary damages in an amount to be determined at trial.

**TENTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(Against Carli, Schmutzler, Torres, John Doe, Unknown Officers 1-4,**

**City of Vacaville, Vacaville Police Department, and Does 1-50)**

177.    Plaintiff repeats and re-pleads Paragraphs 1 through 176, inclusive, and incorporates the same herein by reference.

178.    At all times herein mentioned, Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 were peace officers in the City of Vacaville. As such, they had a special duty to Plaintiff as arresting officers, and the public more generally, to enforce the laws of the State of California in an unprejudiced manner and to prevent undue and unnecessary injuries to a person in their custody, and based on that special relationship, they had a duty of care to Plaintiff Nick Buckhalter.

179.    Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 breached their duties to Plaintiff not only in arresting Plaintiff, but also by their conscious disregard of Plaintiff's medical conditions as well as aggravating existing and causing new injuries to Plaintiff. Defendants Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50 further breached their duties to Plaintiff in delaying access to medical intervention, by interfering with aid rendered by medical practitioners, and by engaging in unnecessary conduct that exacerbated Plaintiff's pain and injury after medical care was provided.

180.    At all times herein mentioned, Defendants City of Vacaville, Vacaville Police Department, John Carli, and Ian Schmutzler maintained, managed, and oversaw staffing and training of peace officers of the Vacaville Police Department. Defendants City of Vacaville, Vacaville Police Department, John Carli, and Ian Schmutzler have a special relationship with the Plaintiff, and the public more generally, to properly train and supervise peace officers in their employ so that their employees enforce the law properly and use proper and approved law enforcement techniques to prevent undue injury to the public, and based on that special relationship, they had a duty of care to Plaintiff Nick Buckhalter.

1    181.    Defendants City of Vacaville, Vacaville Police Department, John Carli, and Ian

2    Schmutzler breached their duties to Plaintiff such that they did not properly train and supervise their

3    employees as exemplified in their actions herein alleged.

4    182.    As a direct and proximate result of the acts, omissions, and conduct of the

5    Defendants, Plaintiff has suffered and continues to suffer severe and extreme emotional distress,

6    including but not limited to anguish, indignity, embarrassment, humiliation, fright, depression,

7    anxiety, being held up to scorn and ridicule, injury in character and reputation, prevented from

8    attending to his usual business and avocation, and Plaintiff was otherwise injured now and in the

9    future.

10    **ELEVENTH CAUSE OF ACTION**

11    **False Arrest / False Imprisonment**

12    **(Against Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50)**

13    183.    Plaintiff repeats and re-pleads Paragraphs 1 through 182, inclusive, and incorporates

14    the same herein by reference.

15    184.    Through actions described herein on September 9, 2016, Defendants intentionally

16    arrested and confined Plaintiff without lawful justification.

17    185.    Plaintiff did not consent to such confinement or arrest.

18    186.    As a proximate result of the acts alleged herein Plaintiff is entitled to damages in an

19    amount to be proven at trial.

20    **TWELFTH CAUSE OF ACTION**

21    **Negligent Training and Supervision**

22    **(Against City of Vacaville, Vacaville Police Department,**

23    **John Carli, and Ian Schmutzler)**

24    187.    Plaintiff repeats and re-pleads Paragraphs 1 through 186, inclusive, and incorporates

25    the same herein by reference.

26    188.    As a Municipality, its Police Department, and the Chief of Police, the City of

27    Vacaville, the Vacaville Police Department, John Carli, and Ian Schmutzler, respectively, have

28    special relationships with the public, including Plaintiff. As a result of these special relationships, the

-26-

City of Vacaville, the Vacaville Police Department, John Carli, and Ian Schmutzler have a duty to ensure the safety of the public and the competence of its employees in their interactions with the public. The City of Vacaville, the Vacaville Police Department, John Carli, and Ian Schmutzler's duties thus require that they use reasonable care in training and supervising their employees.

189.   Competent peace officers and employees should not use excessive force to restrain individuals who are non-violent, cooperative, and are not resisting detention or arrest.

190.   Competent peace officers and employees should provide adequate medical assistance and medical intervention according to the orders of a physician to any individual in their custody.

191.   Competent peace officers and employees should not be targeting or harassing individuals because of their race or ethnicity.

192.   Defendants City of Vacaville, Vacaville Police Department, John Carli, and Ian Schmutzler failed to properly and adequately supervise and train Torres, John Doe, Unknown Officers 1-4, and Does 1-50 so that Plaintiff was protected from their use of excessive force, racial targeting, and failure to render proper medical assistance.

193.   Defendants City of Vacaville, Vacaville Police Department, John Carli, and Ian Schmutzler knew, or in the exercise of reasonable diligence should have known, that their failure to adequately train and supervise Torres, John Doe, Unknown Officers 1-4, Does 1-50, and possibly other personnel allowed Torres, John Doe, Unknown Officers 1-4, and Does 1-50 to cause injuries to Plaintiffs that were foreseeable. Had Torres, John Doe, Unknown Officers 1-4, Does 1-50, been properly trained and adequately supervised, their poor judgment in all facets of this chain of events would have been preventable.

194.   Defendants City of Vacaville, Vacaville Police Department, John Carli, and Ian Schmutzler negligently, carelessly, and recklessly failed to supervise Torres, John Doe, Unknown Officers 1-4, and Does 1-50 such that they had sufficient power over Plaintiff to cause the damages and injuries herein alleged. Defendants City of Vacaville, Vacaville Police Department, John Carli, and Ian Schmutzler's negligent, careless, and reckless acts and omissions thus were a substantial factor and legal and proximate cause of the damages and injuries thus sustained.

**THIRTEENTH CAUSE OF ACTION**

**Violation of California Civil Code § 52.1**

**(Against Carli, Schmutzler, Torres, John Doe, Unknown Officers 1-4,**

**City of Vacaville, Vacaville Police Department, and Does 1-50)**

195.   Plaintiff repeats and re-pleads Paragraphs 1 through 194, inclusive, and incorporates the same herein by reference.

196.   The conduct of Defendants Torres, John Doe, Unknown Officers 1-4, and Does 1-50, inclusive, Carli, and Schmutzler as described herein, acting in the course and scope of their employment for Defendants VPD and the City, violated California Civil Code Section 52.1, in that they interfered with Plaintiff Buckhalter's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said Plaintiff.

197.   As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

198.   Since this conduct occurred in the course and scope of their employment, Defendants VPD and City are therefore liable to Plaintiff pursuant to respondeat superior.

199.   Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

**FOURTEENTH CAUSE OF ACTION**

**Ratification**

**(Against City of Vacaville and Vacaville Police Department)**

200.   Plaintiff repeats and re-pleads Paragraphs 1 through 199, inclusive, and incorporates the same herein by reference.

201.   Defendant Ian Schmutzler's approval of Defendant Daniel Torres' conduct constitutes ratification of Defendants Torres, John Doe, Unknown Officers 1-4, and Does 1-50's unlawful actions.

202.   On information and belief, Defendant Ian Schmutzler is the second highest ranking officer in the VPD and has been delegated final policy decision for the officers that work under his supervision.

-28-

1    203.   Defendant Ian Schmutzler was working under color of authority.

2    204.   Defendant Ian Schmutzler's discussion with Defendant Torres constituted a deliberate

3    endorsement of Defendant Torres, John Doe, Unknown Officers 1-4, and Does 1-50. Thus,

4    Defendant Schmutzler ratified all of their conduct.

5                           **FIFTEENTH CAUSE OF ACTION**

6                              **Respondeat Superior**

7             **(Against City of Vacaville and Vacaville Police Department)**

8    205.   Plaintiff repeats and re-pleads Paragraphs 1 through 204, inclusive, and incorporates

9    the same herein by reference.

10   206.   Plaintiff is informed and believes, and thereon alleges, that at all times herein

11   mentioned, Defendants Carli, Schmutzler, Torres, John Doe, Unknown Officers 1-4, and Does 1-50

12   were employees and agents of Defendants City of Vacaville and the Vacaville Police Department,

13   and in doing the things herein alleged, they were acting within the course and scope of that agency

14   and employment. The City of Vacaville and the Vacaville Police Department are, therefore, liable to

15   Plaintiff for the tortious actions and inactions of Defendants Carli, Schmutzler, Torres, John Doe,

16   Unknown Officers 1-4, and Does 1-50 as alleged herein.

17                           **PRAYER FOR RELIEF**

18   **WHEREFORE**, Plaintiff requests judgment be entered in his favor and against Defendants as

19   follows:

20   1.   For general and special damages, according to proof at trial;

21   2.   For attorneys' fees pursuant to 42 U.S.C. § 1988(b);

22   3.   For violation of California Civil Code §§ 52 and 52.1, statutory damages, and
23        reasonable attorneys' fees;

24   4.   For violation of California Civil Code § 52(b), punitive damages against Defendant peace
          officers, $25,000.00 for each offense, and reasonable attorney's fees;

25   5.   For injunctive relief enjoining Defendants City of Vacaville, Vacaville Police
26        Department, and John Carli from authorizing, allowing, or ratifying the practice by any
          peace officer employee from using excessive and unreasonable force against persons,
27        pursuant to California Civil Code Section 52.1, and enacted policies and training
          regarding the handling of physically impaired persons;

-29-

6.   For costs of suit incurred herein;

7.   Punitive damages; and

8.   Such other further relief as the Court deems just and appropriate.

Dated:  November 6, 2017

Respectfully submitted,

By: _____/S/_____
        Darryl D. Yorkey, Esq.
        Attorney for Plaintiff Nick Buckhalter

By: _____/S/_____
        Alan A. Beck, Esq.
        Attorney for Plaintiff Nick Buckhalter

By: _____/S/_____
        Catherine A. Beekman, Esq.
        Attorney for Plaintiff Nick Buckhalter