DARRYL D. YORKEY (SBN 280351)
P.O. Box 9636
Berkeley, California 94709
Telephone: (510) 221-6874
Fax: (888) 491-5926
Email: dyorkey@gmail.com

ALAN BECK (SBN 276646)
2962 Harcourt Drive
San Diego, California 92123
Telephone: (619) 905-9105
Email: alan.alexander.beck@gmail.com

CATHERINE A. BEEKMAN (SBN 245605)
915 Trancas Street, Suite B
Napa, California 94558
Telephone: (707) 346-3060
Fax: (707) 561-6646
Email: cate@beekmancortes.com

Attorneys for Plaintiff Nick C. Buckhalter

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NICK C. BUCKHALTER**, </br></br>Plaintiff, </br></br>v. </br></br>**CITY OF VACAVILLE; et al.** </br></br>Defendants. | Case No. 2:17-CV-02072-KJM-GGH </br></br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................................ 1

II. CONCEDED CLAIMS ............................................................................................................... 1

III. STANDARD OF REVIEW ....................................................................................................... 1

IV. ARGUMENT ............................................................................................................................. 2

    A. The First Cause of Action for Excessive Force Survives under the Fourth
       Amendment against all Defendants except Schmutzler ....................................................... 2

    B. The Second Cause of Action for False Imprisonment Survives under the
       Fourth Amendment against all Defendants except Schmutzler ........................................... 2

        1. Plaintiff Pleaded Sufficient Facts to Show there was no Probable Cause
           to Arrest him for Exhibition of Speed .......................................................................... 2

        2. Plaintiff Pleaded Sufficient Facts to Show there was no Probable Cause
           to Arrest him for Resisting Arrest ................................................................................ 3

    C. The Fourth Cause of Action for Failure to Protect Survives Defendants'
       Motion Because Defendants' Conduct Created a Duty to Protect ....................................... 4

    D. The Fifth Cause of Action States a Plausible § 1983 Claim Against the City
       based on the Existence of a Department Custom and/or Policy ......................................... 5

    E. The Fifth Cause of Action States a Plausible § 1983 Claim Against Defendant
       Schmutzler based on the Existence of a Custom and/or Policy .......................................... 7

    F. The Tenth Cause of Action States a Plausible Claim for Emotional Distress ..................... 7

    G. The Twelfth Cause of Action States a Plausible Claim for Negligent
       Training and Supervision. .................................................................................................... 8

    H. The Thirteenth Cause of Action States a Plausible Claim for Violations of
       Civil Code § 52.1. ................................................................................................................ 9

    I. The Fourteenth Cause of Action States a Plausible Claim For Ratification. ....................... 9

V. CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990) ........................................................ 1

*Beck v. State of Ohio,* 379 U.S. 89 (1964) .............................................................................................. 2

*Brierton v. Department of Motor Vehicles* 130 Cal.App.4th 499 (2005) ............................................. 3

*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) ........................................... 4

*Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999). ................................................................................... 9

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988); ........................................................................... 9

*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992) .............................................................................. 9

*Hansen v. Black*, 885 F.2d 642 (9th Cir. 1989) ..................................................................................... 8

*In re F.E.,* 67 Cal.App.3d 222 (1977) ..................................................................................................... 3

*Lewis v. Smith*, 855 F.2d 736 (11th Cir. 1988 ........................................................................................ 8

*Livid Holdings Ltd. V. Salomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 1998) ........................... 2

*Meehan v. County of Los Angeles*, 856 F.2d 102 (9th Cir. 1988) ........................................................ 8

*Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978) ............................................ 5, 9

*Navarrette v. Meyer* (2015) 237 Cal.App.4th 1276 .............................................................................. 3

*People v. Grier* 226 Cal.App.2d 360 ...................................................................................................... 3

*Sheehan v. City & County of San Francisco*, 741 F.3d 1211 (9th Cir. 2014) ..................................... 9

*Trevino v. Gates*, 99 F.3d 911 (9th Cir., 1996) ...................................................................................... 9

*United States v. Redwood City*, 640 F.2d 963 (9th Cir. 1981) ............................................................. 1

*Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658 (9th Cir. 1998) ......................................... 2

**STATUTES**

California Penal Code Section 148(a)(1) ................................................................................................ 3

California Vehicle Code Section 23109 ................................................................................................. 3

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................ 1, 10

## I.   INTRODUCTION

Mr. Buckhalter responds to Defendants' motion to dismiss. As a preliminary matter, Mr. Buckhalter largely agrees with Defendants legal authority; his core disagreement is how to apply those legal authorities to the particular facts of this case. As shown below, at the pleading stage Mr. Buckhalter merely must allege sufficient facts to support a plausible legal theory that his civil rights were violated.

## II.   CONCEDED CLAIMS

Based on the facts as pleaded in the first amended complaint ["FAC"], Mr. Buckhalter concedes dismissal of the following claims:

- The excessive force claim under the Fourteenth Amendment against all defendants, and under the Fourth Amendment against Defendant Schmutzler only (First Cause of Action, in part);
- The false imprisonment claim under the Fourteenth Amendment against all defendants, and under the Fourth Amendment against Defendant Schmutzler only (Second Cause of Action, in part);
- The racial discrimination claims under section 1981 against all Defendants (Third Cause of Action);
- The disability discrimination claim (Sixth Cause of Action);
- The Respondeat Superior claim (Fifteenth Cause of Action).

## III. STANDARD OF REVIEW

To meet the minimum requirements of Rule 12(b)(6), a complaint need only allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint must allege supportive facts, detailed factual allegations are not required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must give the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Id*.

"Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in 'extraordinary' cases. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). In reviewing such a motion to

dismiss, a court accepts all well-pleaded facts from the complaint as true, and draws all inferences and views the facts in the light most favorable to the plaintiffs. *Livid Holdings Ltd. V. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 1998); *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998).

## IV. ARGUMENT

### A. The First Cause of Action for Excessive Force Survives under the Fourth Amendment against all Defendants except Schmutzler.

Mr. Buckhalter concedes the Fourteenth Amendment excessive force claims against all defendants should be dismissed, as well as the Fourth Amendment claim against Schmutzler. To be clear, Mr. Buckhalter does not concede dismissal of his Fourth Amendment excessive force claim against any other defendants–but because no argument was made by the defense with respect to those other defendants, Mr. Buckhalter offers no argument in opposition.

### B. The Second Cause of Action for False Imprisonment Survives under the Fourth Amendment against all Defendants except Schmutzler.

Mr. Buckhalter concedes his Fourteenth Amendment false imprisonment claim should be dismissed, as well as his Fourth Amendment claim against Defendant Schmutzler. His Fourth Amendment claim against all other Defendants, however, survives.

#### 1. Plaintiff Pleaded Sufficient Facts to Show there was no Probable Cause to Arrest him for Exhibition of Speed.

Defendants argue probable cause does not require proof beyond a reasonable doubt of every element of an offense; screeching tires can, in some cases, suffice to establish probable cause of a violation of exhibition of speed in California; so therefore probable cause existed here since Mr. Buckhalter screeched his tires. Defendants' Motion to Dismiss, pp. 6-7. Defendants' logic is faulty, and their argument fails to explain how the facts Mr. Buckhalter pleaded supports probable cause to believe he committed a crime by screeching his tires.

Probable cause exists where the totality of facts and circumstances known to the officer are sufficient to lead a prudent person to believe a crime has been committed. *Beck v. State of Ohio* 379 U.S. 89, 91 (1964). The screeching of tires is only a crime in California if it is done willfully to

-2-

cause an impression on another person; there is no crime if a person screeches his or her tires accidentally. While screeching tires alone is certainly sufficient to establish reasonable suspicion to detain a person to investigate (see, e.g., *Brierton v. Department of Motor Vehicles* 130 Cal.App.4th 499, 509-510 (2005)), to justify arrest the facts and circumstances must support an honest and strong suspicion that the act was willful and done with the purpose of making an impression on another.

While Vehicle Code section 23109 does not state this *mens rea* requirement explicitly, the law is well-established in California. Since *People v. Grier* 226 Cal.App.2d 360 was decided in 1964, no California court has questioned the *mens rea* requirement of section 23019, and several have cited *Grier* for the same point. *See, e.g., Navarrette v. Meyer* (2015) 237 Cal.App.4th 1276; *Brierton v. Department of Motor Vehicles* 130 Cal.App.4th 499, 510 (2005); and *In re F.E.* 67 Cal.App.3d 222, 225 (1977). No reasonable officer would believe probable cause exists to arrest a person for a violation of California Vehicle Code section 23109 based on tire screeching alone without some facts or circumstances to support the *mens rea* element that makes tire screeching a crime.

As alleged in his FAC, on September 9, 2016, Mr. Buckhalter screeched his tires by accident while preparing his vehicle to be moved to Georgia by a vehicle transportation service. When Defendant John Doe confronted him, Mr. Buckhalter apologized, said it was an accident, and told John Doe he would be gone in two hours. When Defendant Torres arrived, Mr. Buckhalter approached him to speak, explained the situation, and said he screeched his tires by accident. Because no facts or circumstances existed to suggest Mr. Buckhalter's tire screeching was anything but an accident, the facts as pleaded are sufficient to support a legal theory that Defendant Torres arrested Mr. Buckhalter without probable cause.

**2. Plaintiff Pleaded Sufficient Facts to Show there was no Probable Cause to Arrest him for Resisting Arrest.**

Defendants cannot save their lack of probable cause to arrest for exhibition of speed with an allegation that Mr. Buckhalter resisted an unlawful arrest. A violation of California Penal Code section 148(a)(1), resisting arrest, can only occur if the officer is engaged in the lawful performance

-3-

of his or her duties at the time of the alleged resistance. Mr. Buckhalter's alleged resistance occurred while Defendant Torres was arresting him without probable cause, as set forth in section IV(B)(1), *supra*, and by means of excessive force, as alleged in the FAC. It follows, then, that any alleged resistance was not a crime, and not subject to arrest.

### C. The Fourth Cause of Action for Failure to Protect Survives Defendants' Motion Because Defendants' Conduct Created a Duty to Protect.

Defendants argue Mr. Buckhalter's failure to protect claim must be dismissed because *Castro v. County of Los Angeles*, 833 F.3d 1060, 10676-1068 (9th Cir. 2016) (en banc) does not create a general duty to protect. They correctly state, "[i]n Castro, a duty to protect a pretrial detainee from assault by other inmates was based on the obligations of prison officials that existed because of the custodial situation." Mr. Buckhalter does not argue Defendants had a general duty to protect Mr. Buckhalter from harm; rather he argues, as in *Castro*, Defendants created a duty of care by their conduct.

The test for this claim was set forth in *Castro*:

> [T]he test to be applied under *Kingsley* must require a pretrial detainee who asserts a due process claim for failure to protect to prove more than negligence but less than subjective intent — something akin to reckless disregard.
> Putting these principles together, the elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved — making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, *supra*, 833 F.3d 1060 at 1071.

Here, Mr. Buckhalter was a detainee of Defendants from the moment Defendant Torres ordered Mr. Buckhalter to sit on the ground. Starting at this point Mr. Buckhalter was under the control of the police and no longer had full control of his movement. This detention created a duty on the part of the police to protect Mr. Buckhalter from any reasonably foreseeable harm. Cf.

-4-

*Castro*, *supra*, 833 F.3d 1060 at 1067. All Defendants present at the scene of Mr. Buckhalter's arrest were put on notice that he had a pre-existing shoulder injury when Mr. Buckhalter and his wife verbally informed them. FAC ¶ ¶ 33-34; Exhibit 1 to FAC. Despite this knowledge, Defendant Torres made an intentional decision to force Mr. Buckhalter's hands behind his back, and keep him handcuffed in this manner for an unnecessarily extended period of time. Defendants were on notice they should have taken reasonable steps to prevent or at least mitigate the damage to Mr. Buckhalter's shoulder. This easily could have been done by handcuffing Mr. Buckhalter in front.

Defendants further violated their duty to protect when they failed to take Mr. Buckhalter to the hospital immediately after injuring his shoulder; refused to remove then handcuffs from Mr. Buckhalter so he could be treated at the hospital; and drove Mr. Buckhalter around for more than two hours in the patrol car, handcuffed with arms behind his back, following his discharge from the hospital. FAC ¶¶ 40-46. This conduct exacerbated Mr. Buckhalter's injuries, when Defendants could have taken any number of reasonable steps to mitigate his harms. This all occurred while the police had a duty to protect Mr. Buckhalter – their detainee – from foreseeable harm. Mr. Buckhalter has pleaded sufficient facts to support the test set forth a cause of action.

### D. The Fifth Cause of Action States a Plausible § 1983 Claim Against the City based on the Existence of a Department Custom and/or Policy.

Municipalities may be held liable for their employees' unconstitutional acts under section 1983 where a policy or custom within the municipality caused the employees' act. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978). Mr. Buckhalter pleaded sufficient facts in his FAC to support his claim that the City of Vacaville has a custom and/or policy of violating persons similarly situated to Mr. Buckhalter. Assuming Defendants' treatment of Mr. Buckhalter conformed to Department policy, Defendants make no argument that this treatment was not violative of Mr. Buckhalter's civil rights. Thus, if Mr. Buckhalter can demonstrate the injuries he suffered were the result of a custom and/or policy then this Court should accept that he has pleaded a claim under section 1983 against Defendant City.

Defendant Schmutzler is a Captain in the Vacaville Police Department who oversees the Field Operations Bureau for the department. Defendant Schmutzler is the second highest ranking

officer in the department and has been delegated final authority by the City of Vacaville to establish customs, policies and practices regarding arrest, treatment of pretrial detainees and all other policies relevant to Mr. Buckhalter's treatment.[1] FAC ¶ 43. While Defendant Torres was at the hospital with Mr. Buckhalter, Defendant Schmutzler had a discussion with Defendant Torres regarding his arrest, handcuffing, and subsequent treatment of Mr. Buckhalter. Defendant Schmutzler patted Defendant Torres twice on the back, and told him, "Good job. Good job. You're going to go far in this department." FAC ¶ 44. While he was at the hospital, Defendant Schmutzler witnessed medical personnel ask Defendant Torres to remove the handcuffs from Mr. Buckhalter so he could be treated properly, which Defendant Torres refused to do.

It is plausible, based on the interaction between Defendants Schmutzler and Torres, that Defendants were following department policy when they arrested Mr. Buckhalter. It is plausible to conclude Defendant Schmutzler would not have praised Defendant Torres's conduct if it did not comport with Department policy. And it is more than plausible to conclude Defendant Torres was following Department policy when he refused to remove Mr. Buckhalter's handcuffs so he could receive medical treatment in the hospital, as Defendant Schmutzler witnessed this exchange and did nothing to intervene.

Also evidence of the Department's custom and/or policy supporting Defendant Torres's conduct is the involvement of a large number of officers from the Department in this incident. It was an off-duty officer, John Doe, who called the police after Mr. Buckhalter accidentally screeched his tires outside of his home. Defendant Torres talked to John Doe first, then to Mr. Buckhalter. Despite Mr. Buckhalter's explanation of what happened – consisting entirely of facts that point away from a deliberate exhibition of speed (see Section IV(B)(1), *supra*) – Defendant Torres told Mr. Buckhalter to sit on the curb, and then arrested him. As Defendant Torres was handcuffing Mr. Buckhalter, both Mr. Buckhalter and his wife repeatedly told him Mr. Buckhalter has a shoulder injury. Defendant Torres then forced Mr. Buckhalter's arm behind his back with no regard for his injured shoulder, and John Doe rammed his knee into Mr. Buckhalter, taking him to

---

[1] http://www.ci.vacaville.ca.us/departments/police-department/command-staff ("Ian was promoted to Captain in 2014 and oversees the Field Operations Bureau for the department.")

the ground. Throughout, at least two additional uniformed officers from the Department were present and did nothing to assist Mr. Buckhalter and prevent his injury.

At the pleading stage, these facts are sufficient to support a cognizable legal theory of liability on the part of the City based on the plausible existence of a custom and/or policy that disregards the physical well-being of the Department's arrestees.

### E. The Fifth Cause of Action States a Plausible § 1983 Claim Against Defendant Schmutzler based on the Existence of a Custom and/or Policy.

Defendants argue the section 1983 claim against Defendant Schmutzler based on a deliberately indifferent policy or practice fails because Mr. Buckhalter's pleading does not prove Defendant Schmutzler is a policymaker for the City. Defendants misstate Mr. Buckhalter's burden at the pleading stage. This Court must determine merely whether it is plausible based on the facts alleged that Defendant Schmutlzer has final policymaking authority. At the pleadings stage this Court must accept as true Plaintiff's allegation that "Defendant Schmutzler is the second highest ranking officer and has been delegated final authority by the City of Vacaville to establish customs, policies and practices regarding arrest, treatment of pretrial detainees," and allow Mr. Buckhalter to prove this fact during evidentiary proceedings. FAC ¶ 43. Importantly, Defendants do not refute the veracity of Mr. Buckhalter's claim. Indeed, the Vacaville Police Department's link in footnote 1 clearly lists Defendant Schmutzler as the head of "Field Operations" for the department. This Court should allow Mr. Buckhalter to proceed to discovery so he can prove Defendant Schmutlzer has final policymaking authority.

### F. The Tenth Cause of Action States a Plausible Claim for Emotional Distress.

Mr. Buckhalter alleged a viable claim for emotional distress against the City, all Defendants who were present at the scene of his arrest, and Defendant Schmutlzer.

Mr. Buckhalter alleged he suffers from excessive stress, anxiety, and depression as a direct result of his unlawful arrest and detainment. FAC ¶ 51. He pleaded a valid claim for emotional distress because the City both ratified Defendants conduct (see section IV(I), *infra*), and because the City has implemented a custom and/or policy which violated his civil rights (see section IV(D), *supra*).

Mr. Buckhalter alleged a valid claim against Defendant Schmutlzer. Defendant Schmutzler, as the ranking officer in charge, assumed control of Mr. Buckhalter's detainment when he spoke to Defendant Torres. At this point he assumed a duty of care to Mr. Buckhalter. At the hospital, Defendant Torres explained the facts of Mr. Buckhalter's arrest to Defendant Schmutlzer, putting him on notice that Mr. Buckhalter had not acted in any way that would lead a person to believe he was dangerous. Defendant Schmutzler was also on notice that Mr. Buckhalter's handcuffs should have been removed so he could receive proper medical care for his shoulder injury based on both his conversation with Defendant Torres and based on his witnessing medical staff make such a request. As ranking officer in charge, Defendant Schmutzler should have ordered Defendant Torres to remove Mr. Buckhalter's handcuffs given the circumstances, but he did not. As a direct result, Mr. Buckhalter suffered emotional harm and his injuries were exacerbated.

### G. The Twelfth Cause of Action States a Plausible Claim for Negligent Training and Supervision.

Supervisors may be held liable under section 1983 if they participate in the events causing the constitutional deprivation. *Hansen v. Black*, 885 F.2d 642,646 (9th Cir. 1989); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988). This is true whether supervisors are directly involved in the constitutional injury, or if supervisors authorize employees to act in an unconstitutional manner. *Meehan v. County of Los Angeles*, 856 F.2d 102 (9th Cir. 1988) (supervisory liability as to deputy not allowed because no evidence connected him to the misconduct or showed him to have authorized the conduct). There must be a causal connection between the supervisors' actions and the constitutional violation for liability to attach. *Hansen*, 885 F.2d at 646; *Lewis*, 855 F.2d at 738.

Here, Captain Schmutzler is Defendant Torres's supervisor. He was at the hospital and saw Defendant Torres's conduct. He told Defendant Torres, "Good job. Good job. You're going to go far in this department." FAC ¶¶ 42, 44. Defendant Schmutzler also was present when medical staff asked Defendant Torres to remove the Plaintiff's handcuffs so Plaintiff's arm could be placed in a sling, and when Defendant Torres refused. FAC ¶ 45. This conduct constitutes a failure to supervise that was a proximate cause of injuries and the exacerbation of injuries to Mr. Buckhalter's shoulder because Physicians were unable to treat Mr. Buckhalter's injuries properly, nor the resulting

-8-

significant pain that was at that time worsening. Had Defendant Schmutzler properly supervised Defendant Torres, Torres would have known that the lawful, prudent, and most humane action would have been to remove Mr. Buckhalter's handcuffs so attending physicians could treat his shoulder and try to alleviate his pain. Thus, Mr. Buckhalter sufficiently pleaded a failure to supervise claim.

**H. The Thirteenth Cause of Action States a Plausible Claim for Violations of Civil Code § 52.1.**

Both Defendants City and Schmutzler violated California Civil Code section 52.1. Here, as argued above, at the hospital, Defendant Schmutzler assumed control of Mr. Buckhalter's arrest. Defendant Schmutzler had both a duty to protect Mr. Buckhalter from further harm, and an affirmative duty to control Defendant Torres's behavior. Defendant Schmutzler's inaction exacerbated Mr. Buckhalter's injuries, worsened the pain he was suffering, precluded doctors from treating Mr. Buckhalter properly, and constituted a violation of Mr. Buckhalter's rights under the Fourth Amendment.

The City is similarly liable under California Civil Code section 52.1 because the City both ratified Defendants' conduct (see section IV(I), *infra*) and instituted a custom and/or policy which violated Mr. Buckhalter's civil rights (see section IV(D), *supra*).

**I. The Fourteenth Cause of Action States a Plausible Claim For Ratification.**

As discussed in section IV(D), *supra*, municipalities may be held liable for their employees' unconstitutional acts under section 1983 where a policy or custom within the municipality caused the employees' act. *Monell*, *supra*, 436 U.S. 658. Even where no policy or custom exists, a municipality may nonetheless be held liable for its employees' unconstitutional acts where a final policymaker of the municipality ratifies the employees' conduct after the fact. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). There must be some evidence of express approval by a final policymaker to establish ratification; mere failure to discipline is not enough. *See Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir., 1996); *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992); and *Sheehan v. City & County of San Francisco*, 741 F.3d 1211, 1231 (9th Cir. 2014) (*rev'd on other grounds*).

Here, Defendant Schmutzler expressly praised Defendant Torres's treatment of Mr. Buckhalter when he patted Defendant Torres's shoulder and said, "Good job. Good job. You're going to go far in this department." FAC ¶ 44. Defendant Schmutzler's comments ratified Defendant Torres's conduct – a custodial arrest for a minor traffic offense which landed the arrestee in the emergency room. At the pleading stage, these facts are certainly sufficient to support a plausible legal theory, namely, that the City of Vacaville, through its police department, ratified Officer Torres's abusive conduct. Plaintiffs have pleaded facts sufficient to survive a 12(b)(6) motion to dismiss.

### V.  CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss under FRCP 12(b)(6), except as Plaintiff concedes in Section II, *supra*.

Dated: January 19, 2018          Respectfully submitted,

By:  /S/
Darryl D. Yorkey, Esq.
Attorney for Plaintiff Nick Buckhalter

By:  /S/
Alan A. Beck, Esq.
Attorney for Plaintiff Nick Buckhalter

By:  /S/
Catherine A. Beekman, Esq.
Attorney for Plaintiff Nick Buckhalter